*653
 
 VILLANTI, Judge.
 

 Bradley Jackson raises two issues in this appeal from the final judgment and order of involuntary commitment rendered after a jury found him to be a sexually violent predator. We reject without discussion Jackson’s claim that the trial court abused its discretion when it limited the parties by pretrial order to one expert witness each. However, because we conclude that the trial court abused its discretion when it excluded evidence of Jackson’s conditional release contract with the Florida Parole Commission, we reverse and remand for a new trial.
 

 In early 1995, Jackson was convicted of two counts of sexual battery, one count of attempted sexual battery, one count of lewd fondling, two counts of contributing to the delinquency of a minor, and one count of resisting arrest without violence based on events that had occurred in 1998. He was sentenced to a total of twenty-two years in prison for these various offenses.
 

 On June 18, 2008, in anticipation of Jackson’s impending release from prison, the State filed a petition for involuntary civil commitment pursuant to section 394.914, Florida Statutes (2007). While the commitment proceedings were pending, the Commission interviewed Jackson for possible conditional release pursuant to section 947.1405(5), Florida Statutes (2008). After its investigation, the Commission determined that Jackson was eligible for conditional release, and Jackson signed a conditional release contract with the Commission on November 10, 2008. Pursuant to this contract, Jackson was required, among other things, to participate in a sex offender treatment program until such time as the program authorities determined that treatment was no longer necessary or until Jackson’s conditional release expired, whichever came first.
 
 [1]
 
 The contract also imposed a host of other requirements on Jackson, including mandatory registration as a sexual predator, restrictions on where Jackson could live and work, a mandatory curfew, mandatory random drug and alcohol screenings, mandatory periodic reporting, and frequent mandatory meetings with his conditional release supervisor.
 

 Because of the pending commitment petition, Jackson was not released from prison upon his conditional release date but instead was held pending the outcome of the commitment trial. During the trial in February 2009, Jackson argued that he did not qualify as a “sexually violent predator,” as defined by section 394.912 because he did not require secure confinement for treatment, and he offered his conditional release contract into evidence in an effort to show that there was an adequate, less restrictive alternative to his involuntary commitment in a secure facility. The court permitted Jackson to introduce this contract into evidence, and the State was permitted to introduce evidence to contradict Jackson’s assertion that the terms of the conditional release contract would be sufficient to provide treatment and protect society. Ultimately, the trial resulted in a mistrial, with four jurors finding that Jackson qualified as a sexually violent predator and two finding that he did not.
 

 On February 25, 2009, the State filed an amended petition for involuntary commitment, which it was permitted to do following the mistrial.
 
 [2]
 
 Prior to the start of the
 
 *654
 
 second trial, the State filed a motion in limine seeking to preclude Jackson from offering any evidence concerning his conditional release contract or the provisions of it. The State argued that the conditional release contract was not relevant to any of the issues to be considered by the jury. In response, Jackson argued that the terms of the conditional release contract were relevant to support his claim that he was amenable to outpatient treatment and that society would be adequately protected if he were released. Over Jackson’s objection, the trial court granted the State’s motion and prohibited Jackson from offering any evidence at his second trial concerning the conditional release contract or its terms. Somewhat unsurprisingly, without this evidence the second trial ended in a unanimous jury verdict finding Jackson to be a sexually violent predator. Based on that ruling, the trial court ordered Jackson to be involuntarily committed.
 

 In this appeal, Jackson contends that the trial court’s ruling excluding the evidence of his conditional release contract as irrelevant was error. We agree. Section 394.912(10), Florida Statutes (2008), defines a “sexually violent predator” as any person who “[h]as been convicted of a sexually violent offense” and who “[s]uffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence
 
 if not confined in a secure facility for long-term control, care, and treatment.”
 
 (Emphasis added.) Under this definition, the potential efficacy of any available less restrictive alternative treatment is a matter for the jury’s consideration in determining whether a person meets the definition of a sexually violent predator.
 

 [T]he Act requires that the jury find by clear and convincing evidence that the person is a violent sexual predator who has a mental abnormality that predisposes him or her to commit sexually violent offenses. Moreover,
 
 they must determine that he is likely to reoffend if not confined in a secure facility
 
 because his or her propensity to commit acts of sexual violence makes the person a menace to the health and safety of others. If the evidence fails to establish that the person is a violent sexual predator in need of secure commitment, that person will not be civilly committed.
 
 Whether the person needs confinement in a secure facility or whether less restrictive alternatives are appropriate are eviden-tiary matters the jury may consider in determining whether the person is a sexually violent predator.
 
 If less restrictive alternatives are appropriate, the jury will find that the person is not a violent sexual predator and confinement will not be ordered. On the other hand, however, when the jury finds by clear and convincing evidence that the person is a violent sexual predator, it has concluded that there are no less restrictive alternatives to confinement that would adequately protect society and provide the necessary control, care and treatment of the individual.
 

 Westerheide v. State,
 
 767 So.2d 637, 648-49 (Fla. 5th DCA 2000) (emphasis added),
 
 approved,
 
 831 So.2d 93 (Fla.2002). Thus, “if the person is amenable to less restrictive alternative treatment he or she does not meet the statutory definition of a sexually violent predator and is not subject to commitment.”
 
 Westerheide v. State,
 
 831 So.2d 93, 103 (Fla.2002). As is clear from both the plain language of the statute and the
 
 Westerheide
 
 cases, evidence bearing on the question of whether less restrictive alternatives to secure commitment would be effective to prevent that individual from
 
 *655
 
 engaging in acts of sexual violence is the most relevant factor in the jury’s determination of whether a particular individual qualifies as a sexually violent predator.
 

 Here, the jury in the commitment trial was specifically tasked with determining whether Jackson required secure confinement for treatment and for the protection of society. Jackson sought to introduce his conditional release contract into evidence in an effort to convince the jury that he did not qualify as a sexually violent predator because there were less restrictive alternative treatments available to him that would effectively prevent him from committing a sexually violent offense and that would also be adequate to protect society. The existence of this contract, its terms, and the potential penalties should Jackson violate these terms constituted relevant evidence that bore directly on the question of whether Jackson was “likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.” § 394.912(10). Thus, the trial court abused its discretion by excluding evidence of this contract as irrelevant. To hold otherwise is to preclude Jackson from presenting evidence in support of his defense that he did not meet the statutory definition of a sexually violent predator, as he was alleged to be by the State. We can conceive of no scenario under which the jury in an involuntary civil commitment proceeding should not receive all relevant evidence from both parties on the issues directly before it.
 

 However, our holding today is very narrow. We hold only that the evidence of Jackson’s signed conditional release contract was relevant to the issues before the jury and that the trial court abused its discretion by excluding this relevant document from evidence. Nothing in our holding should be read to preclude the State from presenting evidence, as it did at Jackson’s first trial, to establish that the proffered “less restrictive alternative” is not a truly viable alternative or will not be adequate to protect society from the offender. Nor should our holding be read to suggest that we have any opinion as to whether conditional release is or may be an adequate, less restrictive alternative to secure commitment for any specific offender. This latter question is solely within the province of the jury.
 

 Reversed and remanded for a new trial.
 

 WHATLEY, J., Concurs.
 

 WALLACE, J., Concurs in result only.
 

 [1]
 

 . As best we can determine from the record, Jackson would be on conditional release for somewhere between seven and nine years.
 

 [2]
 

 . Section 394.917(1), Florida Statutes (2008), permitted the State to refile a petition for involuntary civil commitment if the jury did not reach a unanimous verdict but if a poll of the jurors showed that the majority of the
 
 *654
 
 jurors would have found that the defendant was a sexually violent predator.